UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTOR CHEN,<br><br>Plaintiff,<br><br>-against-<br><br>MOUNT SINAI BETH ISRAEL; NEW YORK STATE; THE USA; HARVARD UNIVERSITY; YALE UNIVERSITY; OXFORD UNIVERSITY; QUEEN ELIZABETH II, OF THE U.K.,<br><br>Defendants. | 22-CV-0223 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants violated his rights. By order dated January 19, 2022, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

**BACKGROUND**

Plaintiff brings this action against Mount Sinai Beth Israel Hospital, New York State, the United States, Harvard, Yale, and Oxford Universities, and Queen Elizabeth II of the United Kingdom. Plaintiff does not indicate a jurisdictional basis for his claims. In the one-page complaint, Plaintiff "accuse[s]" Defendants of:

> -- libel, alleging privately that [I] am an imported (Asian, or Chinese) all-but-invisible 'virus' causing flu, AIDS, and covid-19.
>
> -- assault and abuse – actions ranging from giving me itches, to losing my balance, to thinking certain thoughts, to sexual functioning, to interfering with bowel movements. These actions include the staging of events around me.
>
> -- slavery: taking my thoughts and my original works, preventing me from traveling freely, using my works as "vaccines" against the artificial diseases, preventing me from telephoning and mailing freely and privately.
>
> -- the libelous contention that my works exposing the defendants' wrongs are themselves wrongs.

(ECF 1, at 1.)

Plaintiff seeks: (1) "release from confinement at Mt. Sinai Beth Israel"; (2) "removal of everything foreign put in my body and brain"; (3) "return of my property seized before and since Nov. 30, 2021"; (4) "fair compensation for my original and useful work"; and (5) "compensation for what has been done to me and my family." (*Id.*)

**DISCUSSION**

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's complaint lacks an arguable basis either in fact or in law. *See Neitzke*, 490 U.S. at 324-25. Plaintiff's allegations that Defendants – who include prestigious hospitals and universities as well as the Queen of England – accused him of importing a virus, abused and assaulted him, stole his thoughts and ideas and used them as "vaccines" against "artificial diseases" rise to the level of the irrational. The Court cannot identify any legal basis for his claims and there is no legal theory on which Plaintiff may proceed. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**LITIGATION HISTORY AND WARNING**

Plaintiff has a history of filing frivolous actions in this court. *See Chen v. Mitchell*, ECF 1:19-CV-2764, 6 (S.D.N.Y. July 3, 2019) (complaint against news anchor Andrea Mitchell, Kim Jong-un, and Donald Trump dismissed as frivolous); *Chen v. Faust*, 1:17-CV-1926, 3 (S.D.N.Y. Mar. 22, 2017) (complaint against former Harvard President Drew Faust and Donald Trump dismissed as frivolous); *Chen v. Bellevue*, No. 05-CV-3989 (S.D.N.Y. Sept. 2, 2005) (amended complaint dismissed as frivolous); *Chen v. Pardes*, ECF 1:05-CV-3819, 4 (S.D.N.Y. May 13, 2005) (recommending dismissal of complaint against defendants, including Oxford University

and Queen Elizabeth, as frivolous and for failure to state a claim), report and recommendation adopted by text order on June 28, 2006. In light of Plaintiff's litigation history, the Court warns Plaintiff that further filing of frivolous actions in this court will result in an order directing him to show cause why he should not be barred from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

**CONCLUSION**

The Court dismisses Plaintiff's complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: January 31, 2022
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge